Argued and submitted October 3, 2011, on appeal, reversed and remanded for entry of judgment (1) awarding wife transitional support of $1,500 and maintenance support of $5,500 for 18 months, so that the total spousal support award for that period will be $7,000 per month; (2) for the next six years, the maintenance support award shall be $6,000 per month; and (3) thereafter, the maintenance support award shall be $4,000 per month, which will continue indefinitely. In addition; the judgment shall be modified to require husband to maintain his existing whole life insurance policy in the amount of $350,000 with wife named as primary beneficiary until his spousal support obligation is fulfilled; otherwise affirmed February 23, 2012

In the Matter of the Marriage of

Blair Elgin BAILEY,
*Petitioner-Respondent,*

*and*

Kathy G. BAILEY,
*Respondent-Appellant.*

Douglas County Circuit Court
09DO0156DS; A145725

273 P3d 263

Jeffrey E. Potter argued the cause for appellant. With him on the opening brief was Gardner, Honsowetz, Potter, Budge & Ford. With him on the reply brief was Gardner, Potter, Budge, Spickard & Cascagnette.

George W. Kelly argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Hadlock, Judge.

BREWER, C. J.

## BREWER, C. J.

Wife appeals a dissolution judgment, arguing that the trial court erred in (1) awarding wife too little maintenance spousal support; (2) not requiring husband to maintain wife as a beneficiary on his whole life insurance policy until his spousal support obligation is fulfilled; and (3) dividing the parties' property in a manner that was not just and proper in all the circumstances. Because the notice of appeal in this case was filed after the effective date of the 2009 amendments to ORS 19.415(3), we have discretion whether to review the facts *de novo*.[1] However, neither party has sought *de novo* review, and we perceive no reason to exercise our discretion to conduct such a review. As explained below, we modify the spousal support award and husband's life insurance obligation, and otherwise affirm.

We state the pertinent facts as the trial court found them and as supplemented by our review of the record. The parties were married for 24 years. At the time of trial, husband was 56 and wife was 58. Husband was a veterinarian jointly operating a clinic with two partners, and for much of the marriage he had "earned a comfortable living." The parties had a large and commodious home, traveled extensively, typically had a housekeeper, and made frequent contributions to their church and charities. The trial court found that, at the time of trial, husband's earned monthly income was "not less than $28,900" and that husband's total monthly taxable income in 2008 was $35,200. Wife has a college degree, and she had worked for a sheriff's office for 17 years; that employment ended about 13 years before the marriage was

---

[1] ORS 19.415(3) (2007) provided that, in equitable cases, "the Court of Appeals shall try the cause anew upon the record." That provision was amended in 2009, making *de novo* review discretionary in cases where the notice of appeal was filed after June 4, 2009. *See* Or Laws 2009, ch 231, §§ 2, 3. Here, appellant's notice of appeal was filed after the effective date of those amendments. ORS 19.415(3) now provides, in part:

"Upon an appeal in an equitable action or proceeding, review by the Court of Appeals shall be as follows:

"* * * * *

"(b) Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."

dissolved. More recently, wife had worked part time for many years in various capacities, including bookkeeping, for husband's veterinary clinic. Wife had "work related skills and could enter the workplace soon."

The parties had two children but, tragically, their son had died from a long-standing cancer condition several years before the dissolution. Wife performed a traditional homemaker's role in caring for the family and cared for the parties' son throughout his long and debilitating period of illness. At the time of trial, the parties' daughter was 18 years old and was a full-time college student. The dissolution judgment required husband to pay child support directly to the daughter and to maintain health insurance coverage for her. Those provisions are not at issue on appeal.

In the judgment, the trial court ordered husband to pay spousal support to wife in the amount of $5,000 per month ($3,500 maintenance support and $1,500 transitional support) through September 2011, $3,500 per month (all maintenance) through September 2017, then $1,500 per month indefinitely. The court did not award attorney fees to either party.

In its letter opinion, the trial court explained the spousal support award:

"It is clear that husband has an income that will significantly exceed that of wife, and for the indefinite future * * *. The court is convinced with husband's work habits that he will work for the length of time he deems necessary to accomplish his purposes, irrespective of his age. In addition, husband's income can be expected to remain considerable even after retirement with a sale of his business assets and partnership interests.

"The division of assets * * * provides each of the parties with significant assets, almost $2,000,000. Above and beyond this amount, husband has an interest in some of his family's assets which the court is allocating exclusively to him."

In addition to his taxable income, husband has chosen to make the maximum $46,000 annual contribution to his 401K retirement plan. Furthermore, the clinic has paid

him an annual "bucket" payment, which is treated as a nontaxable form of expense reimbursement. For example, in 2009, husband received $26,139, which covered substantial portions of his dissolution expenses, high speed Internet access, and college football season tickets. The clinic also has paid for husband's vehicle fuel costs, health insurance premiums, air miles for travel, and cell phone expenses.

Although wife vigorously contests the property division on appeal, we will not disturb that award. Suffice it to say that, although it informs our analysis of wife's challenge to the spousal support award, the property division does not transgress the bounds of what is just and proper in all the relevant circumstances. Accordingly, we focus on wife's challenge to the spousal support award. We review the trial court's ultimate determination about a "just and equitable" amount of support for abuse of discretion. *See Kunze and Kunze*, 337 Or 122, 136, 92 P3d 100 (2004) (discussing court's discretion as to property distribution); *Cullen and Cullen*, 223 Or App 183, 190, 194 P3d 866 (2008) (courts making spousal support determination "have a range of reasonable discretion to fashion an equitable outcome").

Husband's voluntary retirement contributions (nearly $4,000 per month) are properly treated as a resource for spousal support, *Gillis and Gillis*, 234 Or App 50, 55-56, 227 P3d 809 (2010), as are the other fringe benefits (approximately $2,000 per month) for which his business reimburses him. *Kahle and Kahle*, 141 Or App 97, 102, 917 P2d 41 (1996).[2] Viewed accordingly, husband's monthly resources are approximately $35,000 to $41,000 per month, based on the range of monthly taxable income that the trial court adopted. For her part, wife's post-dissolution income will consist of any employment earnings, spousal support, and nonearned income, including rental income from three properties awarded to her in the judgment, totaling approximately

---

[2] Husband argues that his "bucket" payments are strictly expense reimbursements. However, the record shows that husband and his partners decide what work-related expenses are and, as noted, the bucket payments have typically included many personal expenses. Ultimately, that dispute is of minimal consequence in our spousal support analysis because, even if the bucket payments were not included in husband's income, we would reach the same conclusion with respect to our determination of a just and equitable spousal support award.

$2,176 per month. Thus, exclusive of spousal support, the trial court found that wife's income and earning capacity was $5,176 per month.

The lodestar of a court's charge is to make a spousal support award that is "just and equitable," ORS 107.105(1)(d), and the ultimate decision concerning the amount and duration of a maintenance spousal support award is a discretionary one. *Potts and Potts*, 217 Or App 581, 586 n 3, 176 P3d 1282 (2008). Factors relevant to the amount and duration of an award of maintenance support include the duration of the marriage; the ages of the parties; the physical and emotional health of the parties; the standard of living established during the marriage; the parties' relative incomes and earning capacities; the parties' training, employment skills, and work experience; their financial resources and needs; and the tax consequences of an award. ORS 107.105(1)(d)(C). Here, the difference in the parties' incomes and earning capacities is dramatic. Although the trial court set the amount and duration of maintenance spousal support based, in large measure, on its conclusion that the parties' incomes were sufficient to meet their needs in light of the property division, we conclude that, in light of all the circumstances of this case, a higher award is just and equitable.

Throughout the parties' 24-year marriage, wife performed a traditional homemaker's role, cared for the parties' son during his long illness, and worked for many years outside the home, including for husband's clinic. Even assuming that, after a reasonable transitional period, wife can secure employment for $3,000 per month, without substantial spousal support she will not have anywhere near the amount of income that would be necessary to afford her a lifestyle comparable to the one that the parties enjoyed throughout the marriage and that husband will enjoy following dissolution. *See Cullen and Cullen*, 223 Or App at 190 ("[I]n a long term marriage like the one in this case, the primary goal of maintenance support is to provide a standard of living comparable to the one enjoyed during the marriage.").

In short, weighing most heavily in the maintenance support calculus in this case are the length of the parties'

marriage, wife's many contributions to the family's nurture and support throughout the marriage, the great disparity in the parties' incomes and earning capacities, and the lifestyle that the parties enjoyed during the marriage. In light of those circumstances, we conclude that it is just and equitable to award wife transitional support of $1,500 and maintenance support of $5,500 for 18 months, so that the total spousal support award for that period will be $7,000 per month. Thereafter, for the next six years, the maintenance support award shall be $6,000 per month. Thereafter, the maintenance support award shall be $4,000 per month, which will continue indefinitely.

We turn briefly to wife's challenge to the dissolution judgment provision requiring husband to carry life insurance naming wife as a beneficiary until husband's spousal support obligation is fulfilled. In light of our modification of the amount of the maintenance support award, wife is correct that the provision requiring husband to maintain term life insurance to secure that obligation is inadequate. Accordingly, the judgment should also be modified to require husband to maintain his existing whole life insurance policy in the amount of $350,000 with wife named as primary beneficiary until his spousal support obligation is fulfilled. *See* ORS 107.820(1).

On appeal, reversed and remanded for entry of judgment (1) awarding wife transitional support of $1,500 and maintenance support of $5,500 for 18 months, so that the total spousal support award for that period will be $7,000 per month; (2) for the next six years, the maintenance support award shall be $6,000 per month; and (3) thereafter, the maintenance support award shall be $4,000 per month, which will continue indefinitely. In addition, the judgment shall be modified to require husband to maintain his existing whole life insurance policy in the amount of $350,000 with wife named as primary beneficiary until his spousal support obligation is fulfilled; otherwise affirmed.