Submitted September 29, affirmed December 14, 2016

In the Matter of the Marriage of

David Jeremy NORBERG,
*Petitioner-Appellant,*
*and*

Cynthia Denise NORBERG,
*Respondent-Respondent.*

Clackamas County Circuit Court
DR15040621; A160535

386 P3d 698

Richard A. Weill filed the brief for appellant.

No appearance for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## ORTEGA, P. J.

Husband appeals a general judgment of dissolution, challenging the trial court's award of indefinite maintenance spousal support. Husband contends that the court erred by awarding spousal support to wife in an amount and duration different from what the parties had agreed. Alternatively, he argues that the spousal support award is not supported by the record. Because we conclude that the spousal support awarded was within the court's allowable discretion, we affirm.

Husband does not seek *de novo* review, and we perceive no reason to engage in such review. ORS 19.415(3)(b); ORAP 5.40(8)(c). Accordingly, we review the court's discretionary support determination for whether it is just and equitable under ORS 107.105(1)(d). *See Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012) ("We will not disturb the trial court's discretionary determination unless the trial court misapplied the statutory and equitable considerations required by ORS 107.105."); *see also Bailey and Bailey*, 248 Or App 271, 276, 273 P3d 263 (2012) ("The lodestar of a court's charge is to make a spousal support award that is 'just and equitable[.]'"). Further, we review the trial court's findings for any evidence in the record. *Berg*, 250 Or App at 2.

In this long-term marriage, husband's earning capacity significantly surpassed wife's. At the time of trial in 2015, husband earned $9,166 per month and wife was unemployed due to various health issues. Husband's salary had fluctuated over the years, but he testified that he was on pace to earn between $110,000 and $112,000 that year, and that his income was in that range the previous year. Wife testified that she had earned "a little under $800" the previous year doing odd jobs, like driving for Uber. She stated that she had given up her career years ago and that it would "take * * * a lot of building up" to return to that career. She also testified about significant health problems that she asserted affect her ability to work.

Husband indicated in his dissolution petition that he should be required to pay transitional spousal support to wife in the amount of "$1,700 per month for a period of 96 consecutive months, or until remarried, whichever should

occur first[.]" At trial, husband stated that "there was no agreement" between the parties as to that amount and that he did not have "any basis" for that figure. Instead, he clarified that he currently "was giving [wife] $3,400 a month." Wife testified that she had been receiving $3,400 per month for several months prior to trial and that she expected to continue to receive that amount from husband.

The parties, who appeared without counsel, did not submit uniform support declarations. However, the court allowed them to take time during trial to complete the budget portion of their declarations. Husband submitted his budget portion, which indicated that his personal monthly obligations totaled about $4,800. Wife did not complete her portion and left the proceedings shortly after informing the court that she did not wish to submit her monthly budget, though she had testified earlier that her rent alone was $2,100.

Ultimately, as to spousal support, the court ordered husband to pay wife "$3,000 a month in spousal support maintenance indefinite." The court stated, on the record, that the award was based on its finding that this was a long-term marriage where husband's earning capacity significantly exceeded wife's. It also indicated that it had considered wife's health problems and her lack of work experience, which the court understood would not be resolved within a definite time frame. The court noted that the $3,000 spousal support award, combined with husband's anticipated child support obligation ($400 to $500) was "going to be in the ballpark" of the support that husband was already providing to wife on a monthly basis.

On appeal, husband challenges the spousal support award, raising two primary arguments. First, husband argues that the court erred by not deferring to an agreement between the parties regarding the amount and duration of spousal support. He now suggests that the parties had agreed to a spousal support award of $1,700 per month for 96 months, though he also contends that the court failed to "confirm[] what these parties apparently had agreed to." Second, husband contends that the award was not just and equitable and is unsupported by evidence in the record. In

advancing that argument, husband generally asserts that the court did not have sufficient evidence of husband's ability to pay spousal support or of wife's monthly needs. Wife does not appear on appeal.

Having reviewed the record, we reject both of husband's contentions. Contrary to husband's assertion on appeal that an agreement existed, we infer from the record that the court determined that there was no agreement regarding husband's proposal to pay $1,700 per month for 96 months. Indeed, during trial, husband clarified for the court that there was no agreement. The court's obligation to evaluate the terms of any agreement between the parties for whether it was just and equitable[1] was not triggered under the circumstances presented in this case.

Husband's second argument is also unavailing. "The ultimate determination of what amount and duration of support is just and equitable is discretionary," and we "will not disturb the trial court's discretionary determination unless the trial court misapplied the statutory and equitable considerations required by ORS 107.105."[2] *Berg,* 250 Or App at 2. That is, we will uphold the trial court's award "if, given the findings of the trial court that are supported by the record, the court's determination that an award of support is 'just and equitable' represents a choice among legally correct alternatives." *Id.* In this case, husband suggests that the court did not have sufficient evidence on which to base its decision. We understand that to be a challenge to the court's factual findings, which we review for any evidence. We conclude that the factual findings on which the court based its spousal support award—including findings related to the

---

[1] *See Haggerty and Haggerty,* 261 Or App 159, 167, 322 P3d 1101 (2014) ("[W]here there is a validly executed settlement agreement between the parties, the court must evaluate the terms of that agreement and should enforce them if they are within the range of what is just and equitable under the circumstances.").

[2] Under ORS 107.105(1)(d)(C), a trial court may consider the following factors to determine the amount and duration of a support award:

"the duration of the marriage; the ages of the parties; the physical and emotional health of the parties; the standard of living established during the marriage; the parties' relative incomes and earning capacities; the parties' training, employment skills, and work experience; their financial resources and needs; and the tax consequences of an award."

*Bailey,* 248 Or App at 276.

parties' financial needs and resources—are supported by evidence in the record. Moreover, husband does not contend that the court misapplied the statutory factors in reaching its spousal support award. Thus, on this record, we cannot conclude that the court abused its discretion in making the award that it did. As we have made clear, "[o]ur role is not to second guess the trial court's reasoning or substitute our judgment for that of the trial court." *Id.* at 5.

Affirmed.