Submitted April 3, 2020, affirmed October 20, 2021

In the Matter of the Marriage of

Cameron Morin GABRIEL,
*Petitioner-Appellant,*
*and*

Mary GABRIEL,
*Respondent-Respondent.*

Jackson County Circuit Court
17DR10640; A168332

501 P3d 17

Timothy C. Gerking, Judge.

George W. Kelly filed the briefs for appellant.

Mary Gabriel filed the brief *pro se*.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In this marital dissolution case, husband appeals a judgment that divides the parties' property and awards wife compensatory and maintenance spousal support; husband further appeals a supplemental judgment awarding wife half of her attorney fees. Husband contends that the trial court erred in its property division, in awarding compensatory support in any amount, in awarding maintenance support in the amount that it did, and in awarding wife attorney fees. We reject without discussion husband's challenges to the property division, the total amount of spousal support, and attorney fees. And, as we explain below, because husband's argument as to whether any compensatory support is appropriate relies on a view of the facts that is inconsistent with the applicable standard of review, we reject that challenge as well. Accordingly, we affirm.

A detailed discussion of the facts and our analysis in this case would not significantly benefit the bench, the bar, or the public. We decline husband's request for *de novo* review. ORS 19.415(3)(b); ORAP 5.40(8)(c). Thus, we review the trial court's conclusion that wife qualified for an award of compensatory support because she made "a significant financial or other contribution *** to the education, training, vocational skills, career or earning capacity of" husband, ORS 107.105(1)(d)(B), for legal error. *Harris and Harris*, 349 Or 393, 401, 244 P3d 801 (2010). We review the court's implicit and explicit factual findings underlying that ruling for any evidence. *Andersen and Andersen*, 258 Or App 568, 570, 310 P3d 1171 (2013).

Following a two-day trial, the court issued a letter opinion setting out its factual findings and legal conclusions in some detail. In relevant part, the court agreed with wife that she was entitled to an award of compensatory spousal support. The court held that "compensatory support is appropriate for her efforts and support, both financial and otherwise, in rehabilitating husband's career and sacrificing her own career and personal goals in order to advance the career goals of husband."

We understand that ruling to reference two separate phases in the parties' marriage during which, the trial

court reasoned, wife's efforts and choices contributed to husband's career and earning capacity. The first contribution took place at the beginning of the marriage, when, due to wife providing a home, paying half the mortgage, and sharing other bills, husband was able to clear up his substantial debt, his outstanding criminal charges, and his credit rating. In the trial court's view, wife's second significant contribution occurred when husband persuaded her to move with him to Los Angeles—leaving two jobs and selling her house in the process—so that husband could take a job in which he earned substantially more than he ever previously had.

As noted, the threshold showing for an award of compensatory spousal support is that "there has been a significant financial or other contribution by one party to the education, training, vocational skills, career or earning capacity of the other party." ORS 107.105(1)(d)(B). Husband asserts that wife did not make the necessary showing. In support of that argument, husband points to facts presented at trial that, he contends, demonstrate that wife made no significant contributions to his career or earning capacity. However, husband's contentions are based on a view of the facts that is inconsistent with the trial court's explicit and implicit findings. For example, he contends that wife did not contribute to husband's improved career prospects early in their marriage. The trial court found, however, that during that time, wife's contributions to husband's financial stability and living expenses benefitted his career and earning capacity. Husband further contends that, before the parties moved to Los Angeles in 2012, wife had not in fact been working. Again, however, viewed in the light most favorable to the court's conclusion, the record supports a finding that the move to Los Angeles led to wife leaving two jobs. Husband disputes that view of the record and contends that the move did not affect wife's career, noting that she continued to work for the same company while they were in California and again after the parties returned to Oregon. However, he fails to acknowledge the trial court's express findings that she worked only a modest amount for her Oregon employer following the move; that her work for that employer was also limited even after their return; and that

her graphic design business "really [went] nowhere" over the same span of time.

Ultimately, husband's challenge to the trial court's factual findings and legal conclusions—which husband contends are insufficiently explained—amounts to a different view of the facts rather than any inadequacy in the factual basis for the court's conclusion. Absent *de novo* review, we must accept the trial court's findings if there is any evidence to support them; accordingly, that challenge must fail. *Andersen*, 258 Or App at 570 (review of trial court's implicit and explicit factual findings is for "any evidence"). That is, husband's demonstration that the evidence *could* support different factual findings and, consequently, different legal conclusions does not establish that the trial court erred in its determination that wife made significant financial or other contributions to husband's education, training, vocational skills, career, or earning capacity.

Finally, husband contends that, because the disparity in the parties' respective earning capacities is not great, the trial court erred as a matter of law in awarding wife compensatory support. Husband does not dispute that his earning capacity exceeds $8,000 per month. He contends, however, that wife could earn $5,000 per month. In husband's view, that difference in earning capacities is insufficient to justify the award. Even assuming that an almost 40 percent greater annual income is not sufficient to justify some amount of support, we must reject that argument. Like husband's other argument, his contention regarding the parties' earning capacities fails to account for the trial court's view of the record. The trial court found that wife was presently disabled and would continue to be so for an additional year or two, such that the $200 per month that she was earning at the time of trial was her earning capacity. Given that finding, husband's argument cannot succeed.

Affirmed.