Submitted October 29, 2020; general judgment reversed and remanded for reconsideration of spousal-support award, otherwise affirmed; supplemental judgment reversed and remanded April 6, 2022

In the Matter of the Marriage of
Lisa J. WILKINS,
*Petitioner-Respondent,*
*and*
Todd L. WILKINS,
*Respondent-Appellant.*
Lane County Circuit Court
18DR13508; A169963

510 P3d 227

Husband appeals a general judgment of dissolution of marriage, challenging the trial court's property division and the amount of spousal support awarded to wife; he also appeals a supplemental judgment awarding wife her attorney fees. Husband contends that the trial court erred in imposing spousal support in too high of an amount and for too long of a duration, and as part of that error, overstated husband's income, understated wife's income, and failed to consider wife's earning capacity. *Held*: The trial court failed to properly consider all of the statutory factors of ORS 107.105(1)(d)(C) in its decision to award maintenance spousal support. The Court of Appeals, therefore, reversed and remanded the judgment for the trial court to reconsider the relevant factors to determine a just and equitable spousal-support award. The court affirmed the property division without discussion. In light of the disposition reversing the general judgment, the court reversed and remanded the supplemental judgment concerning the issue of attorney fees.

General judgment reversed and remanded for reconsideration of spousal-support award; otherwise affirmed. Supplemental judgment reversed and remanded.

R. Curtis Conover, Judge. (General Judgment December 28, 2018)

Debra K. Vogt, Judge. (Supplemental Judgment April 5, 2019)

George W. Kelly filed the brief for appellant.

James A. Palmer filed the brief for respondent.

Before Mooney, Presiding Judge, and Pagán, Judge, and DeHoog, Judge pro tempore.

DeHOOG, J. pro tempore.

General judgment reversed and remanded for reconsideration of spousal-support award; otherwise affirmed. Supplemental judgment reversed and remanded.

**DeHOOG, J. pro tempore**

In this domestic relations case, husband appeals a general judgment of dissolution of marriage, challenging the trial court's property division and the amount of spousal support awarded to wife; he also appeals a supplemental judgment awarding wife her attorney fees. Husband raises three assignments of error. We reject without discussion his second assignment of error regarding the property division. We conclude, however, that the trial court erred in its spousal support award; we therefore reverse and remand for reconsideration of that award. As a result of that disposition, we also reverse and remand the supplement judgment.

Husband does not seek *de novo* review, and this is not an exceptional case in which we would exercise such review. ORS 19.415(3)(b); ORAP 5.40(8)(c). Thus, "we are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record." *Andersen and Andersen*, 258 Or App 568, 570, 310 P3d 1171 (2013) (internal quotation marks omitted).

Husband and wife married in January 2003. They have four joint children, who, at the time of the dissolution trial in December 2018, were ages 15, 13, 7, and 5. Wife also has an adult daughter from a previous relationship. The trial court awarded custody of the children to wife, subject to husband's parenting time.

The parties struggled financially during the marriage. Wife home schools the children. She completed high school but never attended college. At the beginning of the parties' relationship, before their children were born, wife worked as a receptionist. After their first child was born, wife stopped working and remained out of the work force for approximately 15 years. At the time of the trial, wife was working 12 to 13 hours each week cleaning office buildings in the evenings and on weekends. Wife's gross monthly income is $548. She also receives food stamps, and the children are on the Oregon Health Plan.

Husband has had multiple jobs during the marriage. He began working for Telnet in February 2018, and

he was employed there at the time of trial. He is paid for 50 hours of work each week, which includes 10 hours of overtime. Husband's job requires considerable travel, and he drives approximately 4,000 to 5,000 miles each month in his own vehicle, a GMC Suburban, mostly throughout Oregon and Washington. Because of that travel and because he is on standby, he receives a per diem stipend every day of the month, including weekend days. Husband testified that, to stay on budget, he considers the weekend per diem as part of his expense budget for Monday through Friday.[1] He testified that he uses the per diem for transportation, lodging, and food expenses that are associated with his employment and that the expenses and the stipend are generally "a wash"—that is, there is no extra per diem money after he pays the work-related expenses. Husband also testified that sometimes the per diem is not enough to cover his travel expenses and he has to use money from his paycheck; on occasion, however, he has saved a small amount of his per diem by sleeping in his truck instead of a hotel or stocking his truck with food instead of eating out. The parties stipulated that husband is paid $8,790 each month, of which $5,040 is wage income and $3,750 is his per diem allowance.[2]

At trial, wife argued that husband's total monthly income was all taxable and should be considered for purposes of spousal support. For child-support purposes, on the other hand, wife argued that the trial court could exclude the per diem from husband's monthly income when calculating the guideline support amount; it would be appropriate, however, to consider the per diem a "rebuttal" factor.

For his part, husband argued that, given the nature of the per diem payments, it was neither actual income nor taxable; that is, there was no "profit" component to the per diem because it all was necessary for his employment.

---

[1] Husband testified that his per diem is $125 each day, but that, as a practical matter, he records it in his logbook as $175 per day for Monday through Friday and nothing on the weekends.

[2] There was some confusion during testimony about the exact amount of per diem, and the court and parties used various numbers. Ultimately, the judgment reflects a per diem amount of $3,750 and wages of $5,040; those amounts are not disputed and, for ease of reference, are the amounts we use when describing the trial court proceedings.

Therefore, husband contended, the trial court's spousal-support and child-support awards should both be based only on his wage income.

Ultimately, wife asked the trial court to award spousal support for 10 years in the amount of $2,000 per month if the court considered the per diem to be taxable income, and $2,500 per month if the court treated the per diem as nontaxable. The court ruled, "I'm going to order that—that he pay $2,000 a month, and I'm going to reduce that after five years down to 1,500 a month," which the court ordered husband to pay for an additional five years.

With regard to child support, the trial court agreed to a "special finding" that husband's monthly income was $5,040, which the court calculated by deducting the per diem amount. The court also determined that, for purposes of calculating child support, wife's income should be set at her earning capacity of $1,820, the equivalent of full-time work at minimum wage. The court acknowledged that wife was home schooling the children, but stated, "I know many people that do home schooling. But on the other hand, there's an obligation to do the best you can to financially support your children, too."

The trial court made various findings and rulings from the bench, starting with those related to its child-support award. As reflected in the judgment, the court considered the following findings in determining child support:

"9.   The following factors have been taken into account in calculating child support:

"a.   [Husband's] gross monthly income is $5,040 from wages. [Husband] is paid $3,750/month as per diem but this Court finds it appropriate to exclude such amount from [Husband's] income for purposes of the child support calculation only;

"b.   [Wife's] actual income is $548/month from employment, however, this Court finds it appropriate to set [Wife's] gross income at $1,820/month (full-time minimum wage) in accordance with [OAR] 137-050-0715 for purposes of the child support calculation only;

"c. Maintenance spousal support in the amount of $2,000/month for sixty (60) months payable to Wife, then the sum of $1,500/month maintenance spousal support payable to Wife for sixty (60) months;

"*****[.]"

With regard to its award of spousal support, on the other hand, the court made the following findings:

"10. The following factors have been taken into account in calculating spousal support:

"a. The parties have been married over 15 years;

"b. Husband is 54 years old;

"c. Wife is 42 years old;

"d. Both parties are in relatively good health;

"e. Husband's *gross income is $8,790 [per] month*;

"f. Wife's *gross income is $548/month*;

"g. Wife's highest level of education is high school;

"h. The parties lived a frugal standard of living during the marriage;

"i. This Court took into account that the support will be tax-deductible to Husband and taxable to Wife when the General Judgment is entered no later than December 31, 2018."[3]

(Emphases added.)

On appeal, husband challenges the trial court's spousal-support award. He asserts that the court erred in imposing support in too high an amount and for too long a duration, and that, as part of its error, the court erred by (1) overstating husband's income (or alternatively by failing to take into account husband's work-related expenses, which substantially reduced that income), (2) understating wife's income, and (3) failing to consider wife's earning capacity.

---

[3] Wife's arguments regarding the taxability of husband's per diem and the consequences of that fact for spousal support were arguably inconsistent. However, the only tax consequences that appear to have informed the trial court's ultimate spousal-support award related to the taxability of the payment or receipt of the award to the parties, a matter that neither party disputes on appeal.

In essence, husband argues that, to determine an equitable amount of spousal support, the trial court should have treated the parties' respective incomes the same for purposes of both its child-support and spousal-support calculations. Wife contends otherwise.

A trial court may award spousal support in "an amount of money [and] for a period of time as may be just and equitable for one party to contribute to the other[.]" ORS 107.105(1)(d). "We review the trial court's ultimate determination about a just and equitable amount of support for abuse of discretion. We will uphold a support award if, given the findings of the trial court that are supported by the record, the court's determination that an award of support is just and equitable represents a choice among legally correct alternatives." *Andersen*, 258 Or App at 570 (citations and internal quotation marks omitted). That is, "[w]e will not disturb the trial court's discretionary determination unless the trial court misapplied the statutory and equitable considerations required by ORS 107.105." *Mitchell and Mitchell*, 271 Or App 800, 811, 353 P3d 28 (2015) (brackets in *Mitchell*; internal quotation marks omitted).

In awarding spousal support, the trial court "shall designate one or more categories of spousal support and shall make findings of the relevant factors in the decision." ORS 107.105(1)(d). Here the court awarded maintenance support. The factors to be considered by the court in awarding spousal maintenance include but are not limited to the duration of the marriage; the age of the parties; the health of the parties, including their physical, mental and emotional condition; the standard of living established during the marriage; the relative income and earning capacity of the parties, recognizing that the wage earner's continuing income may be a basis for support distinct from the income that the supported spouse may receive from the distribution of marital property; a party's training and employment skills; a party's work experience; the financial needs and resources of each party; the tax consequences to each party; a party's custodial and child support responsibilities; and any other factors the court deems just and equitable. ORS 107.105(1)(d)(C). Husband acknowledges that the trial court's judgment explicitly referenced many of those factors.

He argues, however, that the court did not properly consider the relative earning capacity and income of the parties, and that, if the court chose to include per diem "income" as part of his monthly income, then the court was required to consider his employment-related expenses as a "financial need" factor under the statute.

We begin with husband's income. For child-support purposes, the trial court accepted wife's suggestion that it exclude husband's per diem from his income. As quoted above, the judgment reflects that finding: "[Husband] is paid $3,750/month as per diem but this Court finds it appropriate to exclude such amount from [husband's] income for purposes of the child support calculation *only*."[4] (Emphasis added.) Consistent with that limitation, the court did not exclude the per diem when calculating spousal support, ruling for that purpose that husband's gross income is $8,790 per month. In husband's view, the trial court evidently ignored the fact that his "income" includes $3,750 worth of per diem payments when it calculated spousal support. Whether the court "ignored" that fact or, instead, considered it before purposely using significantly different income figures to calculate the two forms of support, husband correctly notes that the trial court did not explain its rationale. In the absence of such a rationale, husband contends that the court erred in treating his per diem as income for spousal-support purposes, because the record supports the finding that his work-related expenses left nothing "extra" to pay personal or family expenses.

In response, wife asserts that husband's arguments about his income ignore the fact that he receives the per diem amount every day, whether he works or not. According to wife, because husband does not have "overhead expenses for travel or food" on weekends, and weekends comprise eight to 10 days per month, husband has per diem income every month that is not offset by business-related expenses.

_____

[4] For purposes of calculating income for child support purposes, OAR 137-050-0715(4)(b) states that "[a]ctual income includes but is not limited to * * * [e]xpense reimbursements, allowances, or in-kind payments to a parent, to the extent they reduce personal living expenses." No one disputes that husband's per diem was properly excluded from his income for purposes of the child support award.

She asserts that, at a minimum, it would be appropriate to consider that weekend per diem as wage income. Wife further suggests that husband could continue his efforts to save on his daily expenses, as he sometimes did, which would free up additional per diem money.

As noted above, our role on appeal is to determine whether the trial court's findings are supported by evidence in the record and whether, in light of those findings, the court correctly applied the statutory factors and equitable considerations required under ORS 107.105. Our role is not to determine a different spousal support amount or duration if it did not. Rather, in that circumstance we will remand the trial court's decision for a correct application of those factors and considerations.

Here, we agree with husband that the trial court abused its discretion in calculating wife's spousal support, because it implicitly based its determination on a finding that the record does not support. The court did not make express findings regarding the use or availability of husband's per diem to pay personal expenses or as to whether husband's work-related expenses regularly consumed those funds. However, the court's decision basing spousal support on "[h]usband's gross income [of] $8,790 [per] month" implies a finding that husband's entire per diem payment is available as a resource for spousal support, a finding that is not supported by the evidence. Moreover, the court's determination, based on the same underlying evidence, that husband's per diem was not a resource for child-support purposes suggests that the court did *not* find that husband's per diem reduced his personal living expenses, a finding that contradicts the court's implicit finding in support of its spousal-support award.

We recognize that in certain circumstances, it is appropriate to include expense reimbursement as income when calculating spousal support. *See, e.g.*, *Bailey and Bailey*, 248 Or App 271, 275, 273 P3d 263 (2012) (husband's nontaxable expense reimbursement from veterinary practice was proper resource for spousal support when it covered portions of his dissolution expenses, college football season tickets, internet, vehicle fuel costs, health insurance

premiums, and cell phone expenses); *Kahle and Kahle*, 141 Or App 97, 102, 917 P2d 41 (1996) (husband's noncash benefits as a ranch manager, including retirement fund contributions, insurance benefits, use of a home, payment of utilities, food, and personal use of a company vehicle, could be considered as part of his "earning capacity" for spousal-support purposes). Here, however, nothing in the record suggests that husband's personal expenses were similarly offset by his per diem payments so as to warrant their inclusion as income for spousal-support purposes.

Turning to wife's income, husband argues that the trial court abused its discretion by not considering wife's earning capacity for purposes of the spousal support calculation as required by ORS 107.105(1)(d). There is no dispute that wife earns $548 per month working part time and that she relies on food stamps. The parties also acknowledge that wife home schools the children and wants to continue being a stay-at-home parent, although they disagree whether that remains feasible. Husband notes that, notwithstanding evidence of wife's actual income and circumstances, the trial court found that wife's "earning capacity" for purposes of child support is $1,820, a figure that wife does not contest. Husband argues, much like he does with regard to his own income, that the court should have consistently calculated wife's income in determining child and spousal support, using her earning capacity of $1,820 for both.[5] The trial court opted not to use wife's earning capacity when determining spousal support, but it offered no explanation for that differential treatment, and none is apparent from the record. Accordingly, we conclude that the trial court abused its discretion when applying the "earning capacity" factor with respect to wife as part of its spousal-support calculation.

Because the trial court failed to properly consider all of the statutory factors in its decision to award maintenance spousal support, we reverse and remand for the court to reconsider the relevant factors to determine a just and equitable spousal-support award. To the extent that the court's previous determinations were based on unsupported

---

[5] Wife argues generally that the spousal support amount is correct in amount and duration and offers no argument engaging in our standard of review.

factual findings, the court should reconsider its findings as well.

Finally, we briefly turn to husband's third assignment of error, in which he asserts that the trial court erred in requiring him to pay wife's attorney fees. Husband argues, in part, that (1) when one considers the spousal support, child support, and debt that he has been ordered to pay, the parties are equally unable to pay their attorney fees, and (2) wife was awarded more property and less debt than husband; according to husband, it was therefore inequitable and an abuse of discretion to award wife attorney fees. We observe that, "when awarding fees, a court's findings must be adequate to allow meaningful review." *Migis v. AutoZone, Inc.*, 282 Or App 774, 812, 387 P3d 381 (2016), *adh'd to on recons*, 286 Or App 357, 396 P3d 309, *rev den*, 362 Or 300 (2017). Here, the trial court stated that its ruling was based on "equity" but did not elaborate further. Thus, it lacks the required specificity to allow review. In any event, in light of our disposition reversing the judgment, we reverse and remand the supplemental judgment as well. ORS 20.220(3)(a) ("If the appellate court reverses the judgment, the award of attorney fees *** shall be deemed reversed[.]"); *Salgado and Salgado*, 258 Or App 557, 310 P3d 731 (2013) (reversing and remanding supplemental judgment for attorney fees when dissolution judgment was reversed and remanded). On remand, the trial court will have the opportunity to consider the issue of attorney fees anew once it has reconsidered its spousal-support award.

General judgment reversed and remanded for reconsideration of spousal-support award; otherwise affirmed. Supplemental judgment reversed and remanded.