No. 914          December 18, 2024          895

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

William Asher WOLF,
*Petitioner-Appellant,*

*and*

Ann Marie FERRARI,
*Respondent-Respondent.*

Benton County Circuit Court
18DR16026; A177719

Locke A. Williams, Judge.

Argued and submitted December 20, 2023.

George W. Kelly argued the cause and filed the briefs for appellant.

Lorena Reynolds argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In this appeal of a dissolution judgment, husband challenges several aspects of the trial court's rulings: its imputation of wife's earning capacity at the level of minimum wage; its award of spousal support to wife, including an award of compensatory support; and its decision regarding parenting time. As explained below, we affirm.

Husband asks us to review the judgment *de novo* but does not articulate any basis for concluding that this is an exceptional case meriting such review, arguing instead that a reversal on *de novo* review will yield him relief sooner. This is not an exceptional case justifying *de novo* review, ORAP 5.40(8)(c); *Turner and Muller*, 237 Or App 192, 194-98, 238 P3d 1003 (2010), *rev den*, 350 Or 231 (2011). As husband acknowledges, we therefore review for whether the challenged rulings are supported by facts in the record and whether they were within the trial court's allowable discretion. *See, e.g.*, *Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012) (the trial court's findings must be supported by the record); *Bailey and Bailey*, 248 Or App 271, 275, 273 P3d 263 (2012) (an award of spousal support is reviewed for abuse of discretion). Under that standard of review, we discern no abuse of the trial court's discretion and therefore affirm, addressing further only husband's challenge to the trial court's imputation of wife's earning capacity.

The dissolution judgment attributes to wife "a gross income of $2,078 per month for support calculation purposes, which is Oregon's minimum wage." Husband argues that that finding lacks factual support in the record. We disagree.

For purposes of calculating child support, a parent's income can include the parent's actual and potential income. OAR 137-050-0715(1). Potential income means "the parent's ability to earn based on relevant work history, including hours typically worked by or available to the parent, occupational qualifications, education, physical and mental health, employment potential in light of prevailing job opportunities and earnings levels in the community, and any other relevant factors." OAR 137-050-0715(3). If a parent's actual

income is less than the parent's potential income, the judge may impute potential income to the parent, OAR 137-050-0715(6), but a finding that potential income exceeds actual income must be supported by "nonspeculative" evidence and relate to "present earning capacity." *Anderson and Anderson*, 258 Or App 568, 585-86, 310 P3d 1171 (2013); *Leif and Leif*, 246 Or App 511, 519, 266 P3d 165 (2011) ("When determining a parent's gross income for child support purposes, a trial court must inquire into the parent's present income.").

Here, wife was unemployed at the time of trial and had no "actual income." She was still in Oregon, pending a move that she sought permission to make (and ultimately received). Though she had a job offer in New York, it was frozen for an indefinite period. There was no evidence that she had any employment opportunities available to her beyond an entry-level position from her brothers that she could take only after moving to New York. Although she was licensed as an attorney in two states other than Oregon, she had not worked as an attorney for a decade, and her only recent work history was part-time and unsuccessful, in part because she was considered overqualified for most jobs and had been out of the workforce for some time.

The only evidence that husband offered did not establish that wife could be employed in Oregon at more than minimum wage at the time of trial; instead, he urges that wife should be attributed an ability to make the average income earned by lawyers in Ithaca, New York, without any basis for concluding that wife could earn that amount after a long absence from legal practice. The record does not support a nonspeculative basis for attributing to wife additional income inconsistent with her current employment qualifications and opportunities. *See Skinner and Skinner*, 285 Or App 788, 797, 398 P3d 419 (2017) (the trial court erred in attributing to wife income that did not relate to her present earning capacity at the time of dissolution). The trial court's determination was supported by evidence in the record and was within its discretion.

Affirmed.