594 July 2, 2025 No. 586

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of
Laura Alicia Rojas CERVANTES,
*Petitioner-Appellant,*

*and*

Jose Jesus Montes LOPEZ,
*Respondent-Respondent,*

*and*

Krystie MONTES,
*Adult Child.*

Marion County Circuit Court
22DR11451; A182866

Audrey J. Broyles, Judge.

Submitted December 19, 2024.

Edgar Diaz filed the brief for appellant.

No appearance for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Reversed and remanded.

**EGAN, J.**

Wife appeals a general judgment of dissolution. Husband does not appear on appeal. In her sole assignment of error, wife argues that the trial court abused its discretion in its award of spousal maintenance support, both in the amount of support and its duration. For the following reasons, we reverse and remand the spousal support award for reconsideration.

Wife does not seek *de novo* review, and this is not an exceptional case to warrant it. ORS 19.415(3)(b) (providing for discretionary *de novo* review); ORAP 5.40(8)(c) (limiting *de novo* review to "exceptional" cases). Therefore, "we are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record." *Wilkins and Wilkins*, 318 Or App 798, 800, 510 P3d 227 (2022) (internal quotation marks omitted). We recite the facts accordingly.

Wife and husband were married in 1992. They have three children together, and the youngest is 16 years old. During their almost 32-year marriage, the couple did not live a lavish lifestyle. Husband worked full time for the majority of the marriage, and wife stayed home, at least in part to care for the children. Husband repeatedly asked wife to work during the marriage so they could afford to buy a house, but wife never got a long-term job. Wife worked twice during the marriage, at a cannery, in the 2003 and 2005 seasons. Husband testified that, upon returning from a trip to Mexico, he took $18,000 from the couple's safe, which contained $38,000 prior to his trip. Wife testified that husband took the full $38,000, but the trial court credited husband's testimony and discredited wife's, finding that wife had taken the other $20,000.

At the time of the dissolution trial, husband made about $4,300 a month working construction. Wife was looking for a job but testified that she had various health issues that made finding a job difficult, including that her doctor had recently limited her to working no more than five hours a day. Wife does not speak English and, at the time of the dissolution trial, had attempted to gain employment

by applying for several jobs and attending job training sessions. The trial court credited wife's testimony about the foregoing facts but found that she could have done more to find a job, such as looking to other industries.

The trial court awarded wife spousal support of $400 a month for one year and then $200 a month for one year. To support that amount and duration, the court made the following findings:

- "The[ese] parties did not live a lavish lifestyle;

- "Wife was the homemaker;

- "Husband was the breadwinner;

- "The parties have three children and one is 16 years old;

- "The 16 year old, by law, could have stayed home alone four years ago and [w]ife could have contributed to the household during that time; and

- "Wife has an obligation to get out in the workforce and work."

On appeal, wife argues that the court abused its discretion by awarding an amount that was too low for too short a period of time and that the award did not reflect consideration of the factors for determining spousal support in ORS 107.105(1)(d). We agree with wife's latter argument.

We review a trial court's award of spousal support for abuse of discretion. *Morgan and Morgan*, 269 Or App 156, 157, 344 P3d 81, *rev den*, 357 Or 595 (2015). "[W]e will not disturb the trial court's discretionary determination unless the trial court misapplied the statutory and equitable considerations required by ORS 107.105." *Mitchell and Mitchell*, 271 Or App 800, 811, 353 P3d 28 (2015) (internal quotations marks omitted).

In deciding how much maintenance support to award, the trial court is supposed to consider the following factors:

"the duration of the marriage; the age of the parties; the physical, mental, and emotional health of the parties; the standard of living established during the marriage; the parties' relative income and earning capacity; a party's

training, employment skills, and work experience; the financial needs and resources of each party; the tax consequences to each party; a party's custodial and child support responsibilities; and any other factors that the court deems just and equitable."

*Id.* (citing ORS 107.105(1)(d)(C)(i) - (xi)). In ordering spousal support, the court "shall make findings of the relevant factors in the decision." ORS 107.105(1)(d).

Here, we conclude that the trial court failed to properly consider all of the relevant factors in setting the duration and amount of spousal support. The court made findings relevant to the standard of living established during husband and wife's marriage, the parties' work experience, and wife's custodial responsibilities. The court did not, however, make findings regarding or appear to consider the long duration of the marriage, the education levels of the parties, wife's health, or wife's limited employment skills and work experience. Those findings are relevant in this case to the award of spousal support, and the court abused its discretion by failing to consider them. *See, e.g.*, *Boatfield and Boatfield*, 297 Or App 716, 721-22, 447 P3d 35 (2019) (reversing and remanding the trial court award of no maintenance spousal support because the court "failed to properly consider all of the relevant factors in its decision to deny maintenance support").

In failing to consider all relevant factors from ORS 107.105, the court misapplied the law. We therefore reverse and remand for the court to reconsider all of the relevant factors in determining the amount and duration of the support.

Reversed and remanded.