466 December 3, 2025 No. 1049

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Mark C. O'BRIEN,
*Petitioner-Appellant,*
*and*

Tracey A. O'BRIEN,
nka Boespflug,
*Respondent-Respondent.*

Benton County Circuit Court
19DR09049; A184295

Joan E. Demarest, Judge.

Submitted October 28, 2025.

Andrew S. Noonan and Andrew S. Noonan, P.C. filed the briefs for appellant.

Lorena Reynolds filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Husband appeals from a second supplemental judgment denying his motion for modification or termination of a spousal support award in favor of wife, respondent in this case. Husband sought "modification and/or termination" of a spousal support obligation awarded to wife pursuant to an October 2020 stipulated supplemental judgment. He raises two assignments of error: (1) that the trial court erred by denying his request for "modification and/or termination" of spousal support because the court failed to consider husband's reduction in income and wife's increase in income since October 2020 as a change in circumstances, and (2) that the trial court erred in awarding wife attorney fees, following its allegedly erroneous substantive ruling. As the party seeking the change in the spousal support award, husband had the burden to establish that modification or termination is warranted due to a change in circumstances. *Williams and Williams*, 315 Or App 798, 803, 504 P3d 635 (2021). Husband failed to meet his burden of proof to establish that his income changed in such a way as to warrant modification of the support plan, and the trial court did not abuse its discretion in determining that the change to wife's income also did not warrant a modification of the support plan. Thus, we affirm.

In the October 2020 stipulated supplemental judgment, the court awarded the following to wife:

1.   Compensatory spousal support in the monthly amount of $500 per month for five years commencing May 1, 2020;

2.   Spousal maintenance of $1,700 per month, commencing November 1, 2022, and ending April 30, 2022;

3.   Thereafter spousal maintenance of $1,550 per month commencing May 1, 2022, for a period of 12 months and ending April 30, 2023;

4.   Thereafter spousal maintenance of $1,400 per month commencing May 1, 2023, for a period of 12 months and ending April 30, 2024;

5.   Thereafter there will be a step down in spousal maintenance of $150 per month each year until the final payment due April 1, 2031.

Husband sought modification or termination of that award, allegedly because wife's income has increased by roughly $1,500 a month and husband was involuntarily terminated from his employment, resulting in what husband characterizes as a "dramatically" lower monthly income. Husband has engaged in efforts to seek new employment but asserts that his income continues to be much lower than what it had been historically.

After a hearing on husband's motion to modify the spousal support award, the court was unable to ascertain husband's monthly income and found that he withheld or failed to provide financial information to support a contention that he is not able to pay the current spousal support order. Specifically, regarding husband's income, the court found that husband "failed to provide sufficient reliable financial data for the [c]ourt to make a finding that a substantial change of circumstances occurred that would justify a reduction of spousal support." Regarding wife's income, the court determined that it increased as "expect[ed] and as predicted and relied upon in the [c]ourt's initial [spousal support] order." The court denied husband's motion and maintained the October 2020 spousal support award. Subsequently, wife sought, and the court granted, an award for attorney fees and costs.

Husband requests that we review this case *de novo* because "the trial court did not properly consider ORS 107.135 and applicable case law." We will only exercise our discretion to conduct *de novo* review in "exceptional circumstances." ORAP 5.40(8)(c); ORS 19.415(3)(b). Husband has not identified aspects of this case or the court's ruling that present "exceptional circumstances." Furthermore, husband has not identified an erroneous factual finding made by the trial court that would be an appropriate subject of *de novo* review. ORAP 5.40(8)(d) (listing the factors this court considers when deciding to exercise *de novo* review). Accordingly, we decline to review this case *de novo* and provide the appropriate standard of review for each assignment of error below.

A party seeking a change in a spousal support award has the burden to establish that modification or termination is warranted due to a change in circumstances.

*Williams*, 315 Or App at 803. A trial court's spousal support determination is reviewed for abuse of discretion.[1] *Bailey and Bailey*, 248 Or App 271, 275, 273 P3d 263 (2012). In the absence of *de novo* review, "we are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record." *Morton and Morton*, 252 Or App 525, 527, 287 P3d 1227 (2012). We will uphold a support award if, "given the findings of the trial court that are supported by the record, the court's determination that an award of support is 'just and equitable' represents a choice among legally correct alternatives." *Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012).

Husband's brief conflates the two types of support awarded to wife in the October 2020 stipulated supplemental judgment. Husband was ordered to pay both spousal maintenance and compensatory support to wife in that judgment, and the standard for modifying each type of support differs.

Spousal maintenance support can be modified when there has been a "substantial change in economic circumstances of a party." ORS 107.135(3)(a). Whether the change in a person's circumstances is sufficient to warrant modification of an award of spousal support is a question that we review for legal error, accepting "the trial court's implicit and explicit findings of historical fact regarding the parties' economic circumstances" if those findings are "supported by any evidence in the record." *Tilson and Tilson*, 260 Or App 427, 431-32, 317 P3d 391 (2013); *see also Weber and Weber*, 337 Or 55, 91 P3d 706 (2004) (reviewing for legal error whether particular facts qualified as a "substantial change in economic circumstances" under ORS 107.135(3)(a)).

To determine whether there has been a "substantial change in economic circumstances," the trial court "shall consider income opportunities and benefits of the respective parties from all sources." ORS 107.135(4)(a).

A compensatory support award "may only be modified upon a showing of an involuntary, extraordinary and

---

[1] Husband argues that his first assignment of error is preserved. Because we agree, we do not address husband's arguments related to plain error.

unanticipated change in circumstances that reduces the earning capacity of the paying spouse." ORS 107.135(3)(a). As with spousal maintenance awards, on appellate review, the trial court's implied and explicit findings underpinning an award of compensatory support will be upheld if there is "any evidence to support them." *Gabriel and Gabriel*, 315 Or App 280, 283, 501 P3d 17 (2021).

Here, the changes in both husband's and wife's incomes do not constitute either a "substantial change in economic circumstances" or an "involuntary, extraordinary and unanticipated change in circumstances."

Regarding wife's income, the October 2020 spousal support award expected a gradual increase in wife's income. Thus, the fact that her income had increased by $1,500 per month—consistent with what had been anticipated—does not constitute a "substantial change in economic circumstances" and was not "unanticipated."

Regarding husband's loss of employment, husband also argues that his loss of employment constitutes a "substantial change in economic circumstances" and qualifies as "an involuntary, extraordinary and unanticipated change" sufficient to warrant a modification or termination of his spousal support obligation. At the time of dissolution, the trial court found that it was challenging to ascertain husband's income because he had not been forthcoming with records of his income. Husband argues in his reply brief that he was not being avoidant with the records, his failure to provide those records was because the documents were not within his "possession, custody and control."[2] Despite these difficulties in confirming husband's income, the court found that husband's income was $16,254.38 per month in the general judgment granting dissolution of marriage.

In his attempt to modify the spousal support award, husband argued that his income has been reduced to $4,166 per month, as a portion of his income came from minority

_____

[2] Husband also cites to an affidavit from his attorney attached to his reply brief. That affidavit contains an email from Scott McFarland, husband's former boss, who wrote that husband "is a minority shareholder in both Magela Inc. and Corvegas Inc. He is not employed with either corporation and thus does not have possession, custody or control of company records."

ownership in two corporations, but he failed to provide any documentation to support that contention. It was husband's duty to subpoena the custodian of the records or otherwise provide evidence of the income value of his shares, but he did not do so. Husband represented to the court that his income changed drastically over the years 2021, 2022, and 2023.[3] The trial court found that there was "insufficient reliable evidence of their finances at the time of the original dissolution, insufficient financial information in the subsequent stipulated modification, and insufficient reliable financial information at the hearing on their second modification." In other words, given the lack of evidence presented by husband, the trial court's determination to not terminate or modify spousal support was not error and the trial court did not abuse its discretion in denying his motion.

As we understand husband's second assignment of error, he alleges that the trial court erred in awarding wife attorney fees following its substantive ruling. We review a judgment awarding attorney fees for abuse of discretion. ORS 20.075(3).

Because we conclude that the trial court did not err in determining that wife was the prevailing party at trial, and the record reflects that the trial court properly determined wife was entitled to attorney fees pursuant to ORS 20.075, we do not disturb the attorney fee award.

Given that the court did not abuse its discretion in denying husband's motion to modify the previously ordered spousal support and compensatory spousal support, or in awarding wife attorney fees, we affirm the trial court's decision to continue both the support plans and wife's award of attorney fees.

Affirmed.

---

[3] Wife provided evidence at trial to show that husband's income at the time of dissolution may have been only $8,409.64 per month, but that his income had dramatically increased to $18,373.73 per month in 2021, was $17,580.10 per month in 2022, and was $13,887.68 per month in 2023. The 2023 amount, in particular, was based on incomplete records husband had provided in discovery for the time period between January and September 2023.